Erich M. Paetsch, OSB No. 993350
epaetsch@sglaw.com
Saalfeld Griggs PC
PO Box 470
Salem, OR 97308-0470
Phone: (503) 399-1070
Fax: (503) 371-2927
Attorney for Suzanne G. Kunda

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| IN RE<br><br>MICKEY DWAIN SHAUL,<br>MICHELLE REFVIK SHAUL,<br><br>           Debtors.<br>_____<br><br>SUZANNE G. KUNDA,<br><br>           Plaintiff,<br><br>    v.<br><br>MICKEY DWAIN SHAUL,<br>MICHELLE REFVIK SHAUL,<br>DBA MICK SHAUL CONSTRUCTION<br><br>           Defendants. | **CASE NO. 16-31314-PCM13**<br><br>**ADVERSARY PROCEEDING<br>NO. _____**<br><br>**COMPLAINT OBJECTING TO DISCHARGE** |

PLAINTIFF SUZANNE G. KUNDA (hereinafter "*Plaintiff*") alleges the following against Defendants Mickey Dwain Shaul and Michelle Refvik Shaul, dba Mick Shaul Construction (hereinafter "*Defendants*").

**JURISDICTION, VENUE AND PARTIES**

1.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157 and 28 U.S.C. §

PAGE 1 OF 9 – CREDITOR SUZANNE G. KUNDA'S COMPLAINT OBJECTING TO DISCHARGE
4838-7947-3461, v. 4

**SAALFELD GRIGGS**PC
LAWYERS
PO BOX 470 SALEM OR 97308-0470 TEL: (503) 399-1070
Case 16-03091-pcm    Doc 1    Filed 08/11/16

1334(b). This action is a core proceeding under 28 U.S.C. § 157(b)(2)(I). Venue of this case is proper in the United States Bankruptcy Court for the District of Oregon pursuant to 28 U.S.C. § 1409. Plaintiff consents to the Bankruptcy Judge's entry of final orders and/or judgments.

2.

This adversary proceeding is brought under and in accordance with Federal Rule of Bankruptcy Procedure 7001(6).

**PARTIES**

3.

Plaintiff, an individual, is a creditor of Defendants and is and was a resident of the State of Washington at all material times herein. Plaintiff timely filed a Proof of Claim in the Defendants' bankruptcy case on July 27, 2016 at Claim No. 7 in the amount of $153,604.49 (hereinafter "*Plaintiff's Claim*").

4.

Defendants Mickey Dwain Shaul and Michelle Refvik Shaul are the joint Debtors in the above-captioned case, are married individuals, and state in their bankruptcy petition that they are and were residents of the State of Oregon at all material times herein. Debtors filed their Petition for Relief under Chapter 13 of the United States Bankruptcy Code on April 6, 2016.

5.

At all material times herein, Defendant Mick Shaul Construction is and was believed to be a "dba" of Defendant Mickey Dwain Shaul, and is listed as a "dba" in Debtors' Petition for Relief.

**BRIEF STATEMENT OF FACTS**

6.

On or about December 16, 2010, Defendant Mick Shaul Construction submitted a proposal to Plaintiff to perform certain improvements (hereinafter "*Proposal*") upon Plaintiff's real property located at 724 Catherine Street, Walla Walla, Washington (hereinafter "*Real*

PAGE 2 OF 9 – CREDITOR SUZANNE G. KUNDA'S COMPLAINT OBJECTING TO DISCHARGE
4838-7947-3461, v. 4

**SAALFELD GRIGGS**PC
LAWYERS
PO BOX 470 SALEM OR 97308-0470 TEL: (503) 399-1070
Case 16-03091-pcm    Doc 1    Filed 08/11/16

*Property*").

7.

The Proposal incorporated drawings, elevations, and related documents, all drafted by Defendants, or any one or more of them, which defined the scope of the work to be performed. The Proposal called for a project cost of $210,842.67 plus a percentage of the total cost and tax, payable as $30,000.00 down, progress payments by the tenth day of each month, and the balance due upon completion. The Proposal called for project completion by June 30, 2011.

8.

Plaintiff accepted Defendant Mick Shaul Construction's proposal in reasonable reliance upon the information and representations set forth in the Proposal, including, without limitation, the representations regarding the timeline for construction, the approximate total cost of construction, and the designs and plans incorporated into the Proposal. Plaintiff tendered the down payment in full on or about December 14, 2010 and January 5, 2011. Defendant Mick Shaul Construction thereafter commenced work on the Real Property.

9.

Throughout the course of the construction, Plaintiff paid all amounts due and owing under the terms of the Proposal as well as sums due and owing to various subcontractors for work and materials.

10.

During the course of construction, and despite numerous requests, Defendant Mick Shaul Construction failed or refused to regularly account for the expenditure of the funds. When Defendant Mick Shaul Construction provided statements in support of draw requests, the accountings failed to accurately account for such expenditures, or provide a breakdown of the project's costs, or identify the remaining costs required to complete the project.

11.

The Defendant Mick Shaul Construction's handwritten accounting, titled and dated "Thru

– Mid May 2011," which Defendant Mick Shaul Construction had also provided to Plaintiff during the course of construction, includes a line item for taxes in the amount of $7,000.00 (hereinafter "***Defendant's Accounting***"). Defendants did not pay any taxes on or for the project.

12.

After construction began, a serious error was discovered in the Proposal with the result that the Proposal could not be completed as drawn. After the error in the Proposal and drawings was discovered, Defendant Mick Shaul Construction ceased to work diligently under the Proposal to complete the improvements. The improvements were not completed timely by June 30, 2011 as required under the Proposal. On or about May 1, 2012, Defendant Mick Shaul Construction ceased all work on the project. Defendant Mick Shaul Construction never completed the improvements.

13.

As a result of a serious error in Defendant Mick Shaul Construction's Proposal drawings, Plaintiff was required to hire an engineer to develop a new, functional plan for the construction of the improvements. Further, and as a result of Defendant Mick Shaul Construction's failure to timely complete construction of the improvements to the Real Property and Defendant Mick Shaul Construction's abandoning the project, Plaintiff was required to hire a replacement contractor to complete the improvements to the Real Property in accordance with the new, functional plan for construction.

14.

Plaintiff paid Defendant Mick Shaul Construction $260,206.00 for construction of the improvements, and has additionally paid subcontractors directly additional amounts for work included in the Proposal. Defendant Mick Shaul Construction only provided $132,813.61 worth of work to the Real Property, which amount includes direct construction costs as well as payment to several subcontractors.

/ / /

PAGE 4 OF 9 – CREDITOR SUZANNE G. KUNDA'S COMPLAINT OBJECTING TO DISCHARGE
4838-7947-3461, v. 4

**SAALFELD GRIGGS**PC
LAWYERS
PO BOX 470 SALEM OR 97308-0470 TEL: (503) 399-1070
Case 16-03091-pcm    Doc 1    Filed 08/11/16

15.

Plaintiff filed a Complaint (hereinafter "*Washington Complaint*") on or about September 10, 2012 in the Superior Court of the State of Washington in and for the County of Walla Walla, at Case No. 12-2-00696-3, consolidated for trial with Case No. 102-2-00692-1 (hereinafter "*Washington Litigation*") based on substantially the same facts alleged herein. Plaintiff's Washington Complaint alleged claims against Defendants for breach of contract, unjust enrichment, fraud, conversion, and Washington's consumer protection act, all under Washington law. Defendants counterclaimed against Plaintiff for breach of contract.

16.

Through discovery in the Washington Litigation, Plaintiff obtained true copies of Defendants' bank records. Defendant Mick Shaul Construction deposited all of Plaintiff's disbursements for construction into a single bank account.

17.

Plaintiff engaged the CPA Andrew Block to prepare a Profit & Loss Detail for the time period covering December, 2010 through May, 2012, which begins just before Defendant Mick Shaul Construction began work on the Real Property through the date Defendant Mick Shaul Construction ceased all work on the Real Property (hereinafter "*CPA Accounting*"). The CPA Accounting was prepared in connection with and for use in the Washington Litigation. The CPA Accounting used bank statements that were produced through discovery in the Washington Litigation.

18.

The CPA Accounting reveals that Defendant Mick Shaul Construction deposited $260,206.00 of construction disbursements from Plaintiff into Defendants' bank account. During the same time period, Defendants had or deposited monies from other sources into the same account in the amount of $35,871.14. At the end of the accounting period, there was total net income remaining in the account in the amount of $1,157.58.

PAGE 5 OF 9 – CREDITOR SUZANNE G. KUNDA'S COMPLAINT OBJECTING TO DISCHARGE
4838-7947-3461, v. 4

SAALFELD GRIGGS PC
LAWYERS
PO BOX 470 SALEM OR 97308-0470 TEL: (503) 399-1070

19.

The CPA Accounting shows that, while Defendant Mick Shaul Construction deposited $260,206.00 of Plaintiff's disbursements into the bank account, Defendant Mick Shaul Construction only paid out a total of $132,813.61 toward construction-related expenses and/or payment of subcontractors to work on the improvements to the Real Property.

20.

The CPA Accounting reveals that Defendants made personal, non-construction related disbursements in the amount of $162,105.95 from their bank account. These non-construction related disbursements include, without limitation, the purchase of a 1999 Ford F350 on or about January 3, 2011 and other auto-related expenses in the total amount of $15,626.45, as well as payments toward Defendants' mortgage in the amount of $53,301.18.

21.

On or about March 30, 2016, and after a consolidated jury trial, judgment was entered in favor of Plaintiff and against Defendants. The jury found in favor of Plaintiff and against Defendants on Plaintiff's claims of breach of contract, unjust enrichment, and conversion. The jury found in favor of Plaintiff on Defendants' counterclaim for breach of contract.

22.

Judgment was entered in favor of Plaintiff and against Defendants in the total amount of $153,251.80, which amount includes the principal award of $132,346.00, an award of reasonable attorney fees in the amount of $20,500.00, and court costs in the amount of $405.80, together with post-judgment interest which accrues at the rate of 12% per annum until fully paid.

**CLAIM FOR RELIEF**

**(FRAUD)**

**11 U.S.C. §523(a)(2)(A)**

FOR HER CLAIM FOR RELIEF (FRAUD), Plaintiff alleges the following against Defendants:

/ / /

PAGE 6 OF 9 – CREDITOR SUZANNE G. KUNDA'S COMPLAINT OBJECTING TO DISCHARGE
4838-7947-3461, v. 4

SAALFELD GRIGGS PC
LAWYERS
PO BOX 470 SALEM OR 97308-0470 TEL: (503) 399-1070
Case 16-03091-pcm    Doc 1    Filed 08/11/16

23.

Plaintiff re-alleges, and incorporates herein by this reference, Paragraphs 1 through 22 above, as they relate to this claim.

24.

Defendants, or any one of them, made material representations to Plaintiff about Defendant Mick Shaul Construction's ability and willingness to perform the contract. Defendant Mick Shaul Construction's Proposal was a written representation to Plaintiff that Defendant Mick Shaul Construction would request money draws from Plaintiff during the course of construction, and that the payments would be applied toward the cost of constructing the improvements pursuant to the terms of the Proposal. Defendant Mick Shaul Construction represented in the Defendant's Accountings, which were submitted with all or a portion of the requests for disbursement, that all of the monies requested by Defendant Mick Shaul Construction from Plaintiff would be used to pay the costs of construction as listed in each accounting.

25.

Defendants representations in the Proposal and Defendant's Accounting were false, and Defendants knew that these representations were false when they were made, and/or Defendants made such representations with reckless indifference as to the truth of the representations made. Defendants, or any one of them, knew that the Proposal could not be performed as represented, and that the representations made in the Proposal were false based on Defendants' prior experience in the construction industry. Defendant Mick Shaul Construction knew that the representations in the Defendant's Accounting were false and/or were made with reckless indifference as to their truth, in that Defendant Mick Shaul Construction represented the disbursements would be applied to construction-related or tax-related costs, and in fact were used on non-construction related, personal expenses.

/ / /

SAALFELD GRIGGS PC
LAWYERS
PO BOX 470 SALEM OR 97308-0470   TEL: (503) 399-1070

Case 16-03091-pcm    Doc 1    Filed 08/11/16

26.

Defendant Mick Shaul Construction made the representations in the Proposal with the intent and purpose of deceiving Plaintiff and to induce Plaintiff to hire Defendant Mick Shaul Construction among other willing contractors to complete the improvements on the Real Property. In addition, Defendant Mick Shaul Construction made the representations in the Defendant's Accounting with the intent and purpose of deceiving Plaintiff into making payments to Defendant Mick Shaul Construction.

27.

Plaintiff reasonably relied upon the representations in the Proposal in hiring Defendant Mick Shaul Construction to construct the improvements on the Real Property. Plaintiff also reasonably relied upon the Defendant's Accounting in making payments to Defendant Mick Shaul Construction and to pay for the costs of construction. Further, Defendant Mick Shaul Construction made the representations in the Proposal with the intention that Plaintiff would rely on them in hiring Defendant Mick Shaul Construction to perform the improvements on the Real Property, and Defendant Mick Shaul Construction made the representations in the Defendant's Accounting with the intention that Plaintiff would make payment to Defendant Mick Shaul Construction.

28.

Plaintiff sustained loss and damage as a proximate result of Defendants' representations having been made. Plaintiff selected Defendant Mick Shaul Construction to construct the improvements on the Real Property in reasonable reliance upon the representations made in the Proposal, including, without limitation, the representations regarding the timeline for construction, the approximate total cost of construction, and the designs and plans incorporated into the Proposal. Plaintiff made payment to Defendant Mick Shaul Construction in reasonable reliance on the Defendant's Accounting and the representations therein stating that the monies disbursed would go toward payment of the expenses listed therein. Plaintiff's reliance on

PAGE 8 OF 9 — CREDITOR SUZANNE G. KUNDA'S COMPLAINT OBJECTING TO DISCHARGE
4838-7947-3461, v. 4

SAALFELD GRIGGS PC
LAWYERS
PO BOX 470 SALEM OR 97308-0470 TEL: (503) 399-1070

Case 16-03091-pcm    Doc 1    Filed 08/11/16

Defendant Mick Shaul Construction was further reasonable, as he had years of experience in the construction industry and was a licensed and bonded contractor. Had Plaintiff known Defendants' representations were false, Plaintiff would have selected a different contractor to construct the improvements to the Real Property.

WHEREFORE, Plaintiff Suzanne G. Kunda prays for judgment against Defendants on Plaintiff's Claim for Relief as follows:

A. For an order determining Plaintiff's Claim is nondischargeable, or alternatively for a nondischargeable judgment against Defendants in the principal amount of $153,604.49, together with pre-judgment interest at the rate of 12% per annum from April 6, 2016 until the date of entry of judgment, and together with post-judgment interest which continues to accrue at the rate of 12% per annum until fully paid;

B. For Plaintiff's costs and disbursements incurred herein; and

C. For such other relief as the court deems appropriate.

DATED THIS 11th day of August, 2016.

**SAALFELD GRIGGS** PC

By   /s/ Erich M. Paetsch

Erich M. Paetsch, OSB No. 993350
epaetsch@sglaw.com
Of Attorneys for Suzanne G. Kunda

PAGE 9 OF 9 – CREDITOR SUZANNE G. KUNDA'S COMPLAINT OBJECTING TO DISCHARGE
4838-7947-3461, v. 4

**SAALFELD GRIGGS** PC
LAWYERS
PO BOX 470 SALEM OR 97308-0470 TEL: (503) 399-1070
Case 16-03091-pcm    Doc 1    Filed 08/11/16